UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:15cv-00051-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGMENT OF FORFEITURE |
| v. | ) | (CONSENT JUDGMENT) |
| | ) | |
| ONE 2011 TOYOTA TUNDRA TRUCK | ) | |
| AND REAL PROPERTY LOCATED AT | ) | |
| 17219 CALDWELL TRACK DRIVE, | ) | |
| HUNTERSVILLE, NORTH CAROLINA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS MATTER is before the Court on the Government's motion, by consent of Trisha Capitelli ("Claimant") and her attorney, for an order (1) lifting the stay entered herein on February 18, 2015; (2) finding that Claimant, by virtue of her ownership interest in the defendant real property and the consent submitted with the Government's motion, may be deemed to have submitted a proper and timely claim and therefore to have standing as a party in this case; and (3) approving and ordering the sale of the defendant real property and disposition of the net proceeds in accordance with the settlement and agreement of the parties. (Doc. No. 7).

Based on the government's motion, Claimant's consent, and the remainder of the record, the Court finds:

1. On January 29, 2015, the Government filed a civil forfeiture complaint against the two defendant properties. The next day, the Clerk issued a warrant for arrest in rem.

2. On February 13, 2015, the Government filed a motion to stay the civil case (Doc. 3) by consent of Thomas E. Carbone and Claimant, holders of record title, through counsel.

1

3.  On February 13, 2015, regarding the defendant real property, the Government served copies of the complaint and the motion to stay this civil case on Thomas E. Carbone and Claimant (holders of record title), through counsel, and on Wells Fargo Home Mortgage Corporation (holder of a deed of trust).  The Government notes that an attorney for the Federal Home Loan Mortgage Corporation (FHLMC or "Freddie Mac") has advised that Freddie Mac has purchased the loan on the defendant real property; however, Freddie Mac has not filed a claim herein.  Accordingly, Wells Fargo Home Mortgage Corporation and Freddie Mac are referred to herein as "Wells Fargo Home Mortgage or its successor."

4.  On February 18, 2015, Magistrate Judge Keesler entered an order (Doc. 4) granting the Government's motion to stay without prejudice to the rights of non-consenting potential claimants to move to lift the stay for just cause.

5.  Pursuant to Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government has posted notice of this action on an official internet government forfeiture site, thereby giving actual and/or constructive notice to all other persons in the world.  The time for publication and any response has run.

6.  No claim or answer involving the defendant real property has been filed herein.

7.  The Government and Claimant have agreed to a settlement of this matter.

Based on the foregoing findings, the Court concludes that the Court has in rem jurisdiction; that Claimants are deemed to have filed a timely claim and to have standing herein; that the parties have resolved this matter by consent; and that the settlement of the parties should be approved.

It is therefore ORDERED that:

1.  The Government's Motion to Lift Stay and for Consent Judgment (Doc. No. 7) is hereby GRANTED.

2.  The stay entered herein on February 18, 2015, is hereby lifted.

3.  Claimant, by virtue of her ownership interest in the defendant real property and her consent submitted with the Government's motion, is deemed to have submitted a proper and timely claim and therefore to have standing as a party in this case.

4.  The sale of the defendant real property and disposition of the net proceeds in accordance with the settlement and agreement of the parties is approved, as follows: Claimant will be allowed nine months from the date of this order to sell and close on the defendant real property. Any contract will be subject to the government's approval. At closing, the interest of Wells Fargo Home Mortgage or its successor will be paid in full, together with ordinary and necessary costs, fees, and other expenses. From the net proceeds then due to the seller, Claimant shall be paid one-half the amount by which the contract price exceeds $270,000 (if any) plus the sums of $27,000 (representing estimated expenses of sale not incurred by the government) and $27,500 (representing gifts from Claimant's family arguably traceable to Claimant's down payment in 2011). In addition, Claimant shall be reimbursed one-half the total amount of the monthly loan payments (principal, interest, insurance and taxes) made between May 1, 2015, and the date of closing. The remainder of the net proceeds due to the seller shall be paid to the government by an official bank check payable to the United States Marshals Service. If Claimant has not sold the property and closed by the end of nine months from the date of the Court's order, this settlement will expire and the defendant real property, including the full value of Claimant's interest, shall be forfeited to the United States; provided, from the net proceeds received by the Marshals Service after forfeiture and sale, Claimant shall be paid the sums of $27,000 and $27,500 (as described above), but will not be reimbursed for any monthly payments. The Government, in its sole and

unreviewable discretion, may elect to extend the nine-month period by written notice to Claimant or her attorney and/or record a lis pendens at any time.

5.  Each party shall bear its own costs, including attorney fees.

IT IS SO ORDERED.

Signed: July 14, 2015

Frank D. Whitney
Chief United States District Judge